**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2010
Decided November 30, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

TERRENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-1631

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

MARK A. LEAZIER,
    *Defendant-Appellant.*

Appeal from the United States District
Court for the Northern District of Indiana,
South Bend Division.

No. 3:09-CR-00015(01)RM

Robert L. Miller, Jr.,
*Judge*.

**O R D E R**

Mark Leazier's felony convictions made it a federal crime for him to possess a gun, *see* 18 U.S.C. § 922(g)(1) (2006), but an Indiana law-enforcement officer investigating Leazier for hunting deer illegally caught him shooting a 9mm pistol. The officer informed federal agents, and Leazier was prosecuted under § 922(g)(1). He pleaded guilty and was sentenced to 60 months' imprisonment, 10 months below the bottom of his guidelines range. Leazier filed a notice of appeal, but his appointed lawyer moves to withdraw because he cannot identify any nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Leazier has not responded to counsel's submission. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Counsel verified that Leazier does not want his guilty plea set aside and thus appropriately omits possible challenges to

the plea colloquy or the voluntariness of the plea.  *See United States v. Knox,* 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel reports that he searched the record for possible challenges to Leazier's sentence and considers arguing that the district court erred in counting two of his prior convictions as felony crimes of violence, which yielded a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2).  Leazier had objected that one of those convictions, for robbery, was reduced to misdemeanor theft, but, as counsel notes, Leazier withdrew that objection after reviewing the written judgment.  He thus waived the objection, and so we agree with counsel that an appellate claim would be frivolous.  *See United States v. Venturella,* 585 F.3d 1013, 1019 (7th Cir. 2009), *cert. denied,* 130 S.Ct. 1547 (2010).

Counsel also considers arguing that Leazier's prison sentence is unreasonably long. But the prison term is below the guidelines range and thus is presumptively reasonable.  *See United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008); *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005).  No circumstance warrants disregarding that presumption here, so we agree with counsel that it would be frivolous to challenge the reasonableness of Leazier's sentence.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.